MAURICE AARON, complainant-respondent,

*v.*

VINCENT COSTA et al., defendants-appellants.

[Submitted October term, 1945. Decided January 31st, 1946.]

*Mr. Vincent. S. Haneman,* for the appellants.

*Mr. William Charlton,* for the respondent.

The opinion of the court was delivered by

PARKER, J.

This is the second appeal in a litigation for which in our opinion the appellants were wholly responsible. That litigation resulted from the breach by appellants, or one or more

of them, of a contract with complainant, of joint adventure respecting the proposed purchase from the City of Atlantic City of about 400 cords of cut wood. That purchase was in the summer of 1942. The agreement was between the appellants Vincent Costa and Joseph Costa on the one hand and the respondent, Maurice Aaron, on the other, and provided that the Costas should bid $3,000 for the wood, and if their bid should prevail, Aaron should contribute half of the price and be entitled to half of the wood. So far, so good: but the bill filed by Aaron charged in substance a conspiracy in the Costa family to exclude Aaron from the deal by having another member of the Costa group bid $3,100 as an individual. So Yolanda Patton (née Costa) bid accordingly in the name of her husband Oscar Patton, who thereupon became the purchaser. The present respondent, Maurice Aaron, filed his bill in this suit; the case went to final hearing before Vice-Chancellor Sooy, who filed a lengthy but unreported opinion holding that the respondent, complainant below, was entitled to relief; and there was a decree accordingly, directing discovery, account, &c. That decree was appealed to this court and the appeal was listed on our calendar as No. 204 of the October term, 1944. It was not heard on the merits, but was dismissed on procedural grounds; and by reason of lapse of time that decree of dismissal is now immune to appellate review. However, it remained to take the account directed by the interlocutory decree. That was done; the master made his report; exceptions were filed by the present appellants and argument was had thereon, and the master's report confirmed by a final decree of July 23d, 1945, which adjudges that respondent, Aaron, is entitled to over $13,000 with interest, plus a half interest in 200 cords of wood and in certain tools and appliances, with costs and counsel fees, &c. It is from that decree that the present appeal is taken.

The case is submitted on briefs without oral argument, and the court is now asked to review on the merits the fundamental question decided by the Vce-Chancellor, viz., that complainant was entitled to a discovery and accounting. We think it may well be questioned whether that issue, which was the foundation of the former appeal, may again be raised

after a final decree. The situation is somewhat like that involved in the old case of *Newark Plank Road Co.* v. *Elmer, 9 N. J. Eq. 754* (opinion of this court, *pp. 786 et seq.*); but in order to terminate the litigation we have considered the merits and conclude that the findings of fact by the Vice-Chancellor were fully supported by the evidence which established the existence of a joint adventure, and the interest therein of the respondent.

The decree under review will accordingly be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, COLIE, OLIPHANT. WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, JJ. 14.

*For reversal*—None.